**SO ORDERED.**

**SIGNED this 24 day of August, 2016.**

**David M. Warren**
**United States Bankruptcy Judge**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| Sona BLW Precision Forge, Inc. | ) Case No.: 16-04336-5-DMW |
| | ) |
| Debtor. | ) |
| | ) |

### ORDER (A) AUTHORIZING THE DEBTOR TO PAY AND HONOR CERTAIN PREPETITION WAGES, SALARY, PAYROLL TAXES, PAYROLL FEES, AND OTHER EMPLOYEE OBLIGATIONS, (B) AUTHORIZING, BUT NOT DIRECTING, PNC BANK, N.A. TO FUND THE ADVANCE, AND (C) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS CHECKS AND TRANSFERS RELATED TO SUCH OBLIGATIONS

Upon consideration of the oral motion of the above captioned debtor (the "Debtor") for entry of an order, pursuant to sections 105(a), 361, 362, 363, 364, 503, and 507 of title 11 of the United States Code (the "Bankruptcy Code"), (a) authorizing the Debtor to pay and honor certain prepetition wages, salary, payroll taxes, payroll fees, and other Employee Obligations (as defined below), (b) authorizing, but not directing, PNC Bank, National Association ("PNC") to fund the payment of such obligations, and (c) authorizing financial institutions to honor and process checks and transfers related to such obligations, as described more fully in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration

of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined in light of the facts and circumstances that granting the relief requested is in the best interests of the Debtor, its estate, creditors and all parties in interest, and is necessary to avoid immediate and irreparable harm; and  after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1.      The motion is granted as set forth herein.

2.      The Debtor, any Trustee, or any officer of the Debtor is hereby authorized, but not directed, pursuant to sections 105(a), 363, and 507(a) of the Bankruptcy Code to pay,  honor, or otherwise satisfy all amounts and obligations on account of the prepetition wages, salary, payroll taxes, payroll fees, and accrued, but unpaid, vacation or sick leave for the pay period immediately prior to the petition date in an aggregate amount of up to approximately $382,000.00 ("Employee Obligations"), provided, however, that no payment to any employee, officer, or other individual by the Debtor pursuant to this Order shall exceed, in the aggregate, $12,850.00 with respect to such employee, officer, or other individual.

3.      PNC is hereby authorized, but not directed, pursuant to sections 363(b) and 364(c) and 364(d) of the Bankruptcy Code to advance, fund, or loan to, or for the benefit of, the Debtor, under the prepetition credit and security agreements between the Debtor and PNC, the Employee Obligations (such sum, together with any and all interest, fees, costs and expenses related to such advance, fund or loan, the "Advance").  The Advance shall constitute part of the secured obligations under the prepetition credit and security agreements between the Debtor and PNC, and PNC shall be entitled to all rights, remedies, protections, and security interests available to PNC with respect to the Advance pursuant to sections 361, 362, 363, and 364, 503 and 507 of the Bankruptcy Code.

4.      Any credit, advance, funding extended, or loan made, to the Debtor pursuant to this Order shall be, and hereby are, deemed to have been extended, issued or made, as the case may be, in "good faith" within the meaning of section 364(e) of the Bankruptcy Code, and PNC shall be entitled to the full protection of section 364(e) of the Bankruptcy Code in the event that either this Order or any provision thereof is vacated, reversed, amended or modified, whether on appeal or otherwise.

5.      All applicable banks and financial institutions shall be, and hereby are, authorized, when requested by the Debtor in their discretion, to receive, process, honor, and pay any and all checks or electronic fund transfers drawn on the Debtor's bank accounts on account of the Employee Obligations, whether those checks were presented prior to or after the petition date, provided that sufficient funds are available in the applicable accounts to make the payments.

6.      The Debtor, the Trustee, or any officer of the Debtor is hereby authorized to issue postpetition checks, or wire transfer,  or to effect postpetition fund transfer requests in replacement of any checks or fund transfer requests related to the Employee Obligations dishonored or rejected as a consequence of the commencement of this chapter 7 case.

7.      The Debtor, the Trustee, and PNC are hereby authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

8.      Notwithstanding any applicability of Rule 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.      The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

10.     The requirements of Bankruptcy Rule 6004(a) are hereby waived.

11.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**END OF DOCUMENT**