UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| In re: | Case Number: |
| Sona BLW Precision Forge, Inc. | 16-04336-5-DMW |
| Debtor | Chapter 7 |

| | |
|---|---|
| Richard D. Sparkman, Chapter 7 Trustee for Sona BLW Precision Forge, Inc., | |
| Plaintiff, | |
| v. | Adversary Proceeding No.: 18-00041-5-DMW |
| Ceratizit USA, Inc., | |
| Defendant. | |

## NOTICE OF MOTION

NOTICE is hereby given of the Motion for Approval of Compromise with Ceratizit USA, Inc. ("Ceratizit"), seeking approval to compromise issues in this case between the bankruptcy estate and Ceratizit, filed simultaneously herewith by counsel for Richard D. Sparkman ("Trustee"), Chapter 7 Trustee in the above-captioned case; and

<u>Your rights may be affected</u>. You should read these papers carefully and discuss them with your attorney, of you have on in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to grant the Motion for Approval of Compromise with Ceratizit, or if you want the court to consider your views on the motion, then on or before **August 13, 2018,** unless otherwise ordered, you or your attorney must file with the court, pursuant to Local Rule 9013-1 and 9014-1, a written response, an answer explaining your position, and a request for hearing.

The Court's mailing address is:

Clerk, U.S. Bankruptcy Court
Eastern District of North Carolina
PO Box 791
Raleigh, North Carolina 27602

If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.

You must also mail a copy to:

| Marjorie K. Lynch, Esquire<br>Bankruptcy Administrator<br>434 Fayetteville Street, Suite 640<br>Raleigh, NC 27601 | Richard D. Sparkman<br>Chapter 7 Trustee<br>P.O. Box 1687<br>Angier, NC 27501-1687 |
|---|---|
| Sona BLW Precision Forge, Inc.<br>500 Oak Tree Drive<br>Selma, NC 27576 | Gerald A Jeutter, Jr.<br>PO Box 12585<br>Raleigh, NC 27605-2585 |

If a response and a request for hearing is filed in writing on or before the date set above, a hearing will be conducted on the motion at a date, time and place to be later set and all parties will be notified accordingly.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

DATED: July 20, 2018

 s/Nicholas C. Brown
James B. Angell
State Bar No. 12844
Nicholas C. Brown
State Bar No. 38054
Howard, Stallings, From, Atkins,
Angell & Davis, P.A.
P.O. Box 12347
Raleigh, NC 27605
Telephone: (919) 821-7700
Facsimile:  (919) 821-7703
nbrown@hsfh.com
*Attorneys for Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| In re: | Case Number: |
| Sona BLW Precision Forge, Inc. | 16-04336-5-DMW |
| Debtor | Chapter 7 |
| Richard D. Sparkman, Chapter 7 Trustee for Sona BLW Precision Forge, Inc., Plaintiff, v. Ceratizit USA, Inc., Defendant. | Adversary Proceeding No.: 18-00041-5-DMW |

## MOTION FOR APPROVAL OF COMPROMISE WITH CERATIZIT USA, INC.

NOW COMES Richard D. Sparkman ("Trustee" or "Movant"), Chapter 7 Trustee and plaintiff in the above-captioned case, by and through undersigned counsel, and pursuant to Bankruptcy Rule 9019, moves this Court for entry of an Order granting him authority to compromise and settle issues with Ceratizit USA, Inc. ("Ceratizit") on the terms and conditions set forth on Exhibit A, attached hereto and incorporated herein by reference (the "Agreement"). In support of this Motion, the Trustee shows the Court the following:

1. The Movant, Richard D. Sparkman, is the Chapter 7 Trustee for Sona BLW Precision Forge, Inc. (the "Debtor").

2. The controversy or dispute sought to be compromised is as follows: the Trustee has identified certain payments by the Debtor during the 90-day period preceding the Debtor's bankruptcy filing date in the total amount of $57,336.22 (the "Transfers"), which payments appear to be subject to avoidance and recovery as preferential transfers under 11 U.S.C. §§ 547, 550, and to which Ceratizit has asserted certain defenses under 11 U.S.C. § 547(c) including new value and ordinary course of business.

3. The Movant now seeks authorization to resolve the above-described controversy or dispute under the terms and conditions set forth in Exhibit A, which terms are summarized as follows:

    a) Within ten (10) days following the entry of a Bankruptcy Court Order approving this Agreement, Ceratizit shall deliver a check in good U.S. funds in the amount of $12,000.00 (the "Settlement Payment") made payable to Richard D. Sparkman, Chapter 7

Trustee for Sona BLW Precision Forge, Inc.  The Settlement Payment may be sent to the attention of James B. Angell, attorney for the Trustee, at the following address:

Howard, Stallings, From, Atkins, Angell & Davis, P.A.
Attn: James B. Angell
P.O. Box 12347
Raleigh, North Carolina, 27605

b) Ceratizit hereby releases the Trustee, the Debtor and its bankruptcy estate from all claims, demands, accounts, duties, damages, losses, expenses, costs, debts, obligations, causes of action and remedies therefor, choses in action, rights of indemnity and liability of any kind or nature whatsoever, whether known or unknown, suspected or unsuspected, which Ceratizit may have, may have had, or might have had against the Debtor, except as provided in paragraph (c) herein.

c) Notwithstanding the releases described in paragraph (b), Ceratizit reserves its right to file a claim in the bankruptcy case arising out of the Settlement Payment under 11 U.S.C. § 502(h).  Further, nothing herein shall constitute a waiver of Ceratizit's ability to file an unsecured claim for pre-petition unpaid services, or of the Trustee's ability to object to said claim under any grounds including but not limited to lack of timeliness.

d) The Trustee, on behalf of the bankruptcy estate, hereby releases Ceratizit from all claims, demands, accounts, duties, damages, losses, expenses, costs, debts, obligations, causes of action and remedies therefor, choses in action, rights of indemnity and liability of any kind or nature whatsoever, whether known or unknown, suspected or unsuspected, which the Trustee may have, may have had, or might have had against the Debtor in relation to the Transfers.  Nothing herein shall constitute a waiver of the Trustee's defenses to any claim for pre-petition unpaid services filed by Ceratizit.

e) The Agreement is subject to approval by the Bankruptcy Court.

4. The Trustee has analyzed the proposed compromise, taking into consideration the facts, strengths and weaknesses of the parties' positions, the equities involved, the information and evidence available to the Trustee to pursue the claims through trial, and the costs of negotiation and litigation.

5. The Trustee believes the proposed settlement is in the best interest of the estate and its creditors and requests that the Court approve this Motion.

WHEREFORE, the Trustee prays for an Order approving and authorizing the compromise on the terms described in Exhibit A attached hereto, and for such other relief as the Court deems just and proper.

DATED: July 20, 2018

/s/Nicholas C. Brown
James B. Angell
State Bar No. 12844
Nicholas C. Brown
State Bar No. 38054
Howard, Stallings, From, Atkins,
Angell & Davis, P.A.
P.O. Box 12347
Raleigh, NC 27605
Telephone: (919) 821-7700
Facsimile: (919) 821-7703
nbrown@hsfh.com
*Attorneys for Chapter 7 Trustee*

EXHIBIT A

## SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT (the "Agreement"), dated as of June 25, 2018, is made by and between Richard D. Sparkman, Chapter 7 Trustee ("Trustee") for Sona BLW Precision Forge, Inc. (the "Debtor"), Case No. 16-04336-5-DMW, and Ceratizit USA, Inc. ("Ceratizit").

WHEREAS, the Trustee is the duly appointed chapter 7 trustee in the Sona BLW Precision Forge, Inc. case; and

WHEREAS, the Trustee has identified certain payments by the Debtor during the 90-day period preceding the Debtor's bankruptcy filing date in the total amount of $57,336.22 (the "Transfers"), which payments appear to be subject to avoidance and recovery as preferential transfers under 11 U.S.C. §§ 547, 550, and for which Ceratizit has asserted certain defenses under 11 U.S.C. § 547(c) including new value and ordinary course of business; and

WHEREAS, the Trustee and Ceratizit have reached an agreement to settle the Trustee's claims against it, subject to the Bankruptcy Court's approval, pursuant to the terms outlined below.

NOW, THEREFORE, the Trustee and Ceratizit hereby agree as follows:

1. Within ten (10) days following the entry of a Bankruptcy Court Order approving this Agreement, Ceratizit shall deliver a check in good U.S. funds in the amount of $12,000.00 (the "Settlement Payment") made payable to Richard D. Sparkman, Chapter 7 Trustee for Sona BLW Precision Forge, Inc. The Settlement Payment may be sent to the attention of James B. Angell, attorney for the Trustee, at the following address:

> Howard, Stallings, From, Atkins, Angell & Davis, P.A.
> Attn: James B. Angell
> P.O. Box 12347
> Raleigh, North Carolina, 27605

2. Ceratizit hereby releases the Trustee, the Debtor and its bankruptcy estate from all claims, demands, accounts, duties, damages, losses, expenses, costs, debts, obligations, causes of action and remedies therefor, choses in action, rights of indemnity and liability of any kind or nature whatsoever, whether known or unknown, suspected or unsuspected, which Ceratizit may have, may have had, or might have had against the Debtor, except as provided in paragraph 3 herein.

3. Notwithstanding the releases described in paragraph 2, Ceratizit reserves its right to file a claim in the bankruptcy case arising out of the Settlement Payment under 11 U.S.C. § 502(h). Further, nothing herein shall constitute a waiver of Ceratizit's ability to file an unsecured claim for pre-petition unpaid services, or of the Trustee's ability to object to said claim under any grounds including but not limited to lack of timeliness.

4. The Trustee, on behalf of the bankruptcy estate, hereby releases Ceratizit from all claims, demands, accounts, duties, damages, losses, expenses, costs, debts, obligations, causes of action and remedies therefor, choses in action, rights of indemnity and liability of any kind or

nature whatsoever, whether known or unknown, suspected or unsuspected, which the Trustee may have, may have had, or might have had against the Debtor in relation to the Transfers. Nothing herein shall constitute a waiver of the Trustee's defenses to any claim for pre-petition unpaid services filed by Ceratizit.

5. This Agreement is subject to approval by the Bankruptcy Court.

6. To the extent not governed by the Bankruptcy Code, this Agreement shall be governed by and construed in accordance with the laws of the state of North Carolina, without giving effect to rules governing the conflict of laws.

7. This Agreement may be executed in one or more counterparts (whether manually signed or by facsimile or other electronic means), and each such counterpart shall be deemed an original, and all such counterparts shall constitute one and the same agreement.

8. This Agreement may not be amended, changed, modified, altered, or terminated unless the parties hereto agree in writing to such amendment, change, modification, alteration, or termination. The parties hereto agree to be bound by the terms of this Agreement, pending Bankruptcy Court approval.

9. The parties agree that the Bankruptcy Court shall retain the exclusive and sole jurisdiction to resolve any controversy or claim arising out of or relating to this Agreement or the implementation or the breach hereof. The parties consent to the core jurisdiction of the Bankruptcy Court, to the constitutional authority of the Bankruptcy Court to enter a final judgment, and agree to have waived any right to a jury trial in connection with any disputes related to or arising out of this Agreement.

10. In the event the Trustee does not receive the Settlement Payment as set forth in paragraph 1 above, then at the sole discretion of the Trustee, this Agreement shall be null and void and without force or effect.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed as of the day and year first above written.

_____
Richard D. Sparkman, Chapter 7 Trustee for
Sona BLW Precision Forge, Inc.


_____
Ceratizit USA, Inc.
By: Tim Tisler
Its: President

nature whatsoever, whether known or unknown, suspected or unsuspected, which the Trustee may have, may have had, or might have had against the Debtor in relation to the Transfers. Nothing herein shall constitute a waiver of the Trustee's defenses to any claim for pre-petition unpaid services filed by Ceratizit.

5. This Agreement is subject to approval by the Bankruptcy Court.

6. To the extent not governed by the Bankruptcy Code, this Agreement shall be governed by and construed in accordance with the laws of the state of North Carolina, without giving effect to rules governing the conflict of laws.

7. This Agreement may be executed in one or more counterparts (whether manually signed or by facsimile or other electronic means), and each such counterpart shall be deemed an original, and all such counterparts shall constitute one and the same agreement.

8. This Agreement may not be amended, changed, modified, altered, or terminated unless the parties hereto agree in writing to such amendment, change, modification, alteration, or termination. The parties hereto agree to be bound by the terms of this Agreement, pending Bankruptcy Court approval.

9. The parties agree that the Bankruptcy Court shall retain the exclusive and sole jurisdiction to resolve any controversy or claim arising out of or relating to this Agreement or the implementation or the breach hereof. The parties consent to the core jurisdiction of the Bankruptcy Court, to the constitutional authority of the Bankruptcy Court to enter a final judgment, and agree to have waived any right to a jury trial in connection with any disputes related to or arising out of this Agreement.

10. In the event the Trustee does not receive the Settlement Payment as set forth in paragraph 1 above, then at the sole discretion of the Trustee, this Agreement shall be null and void and without force or effect.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed as of the day and year first above written.

_____
Richard D. Sparkman, Chapter 7 Trustee for
Sona BLW Precision Forge, Inc.


_____
Ceratizit USA, Inc.
By: _____
Its: _____

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| In re: | Case Number: |
|---|---|
| Sona BLW Precision Forge, Inc. | 16-04336-5-DMW |
| Debtor | Chapter 7 |
| Richard D. Sparkman, Chapter 7 Trustee for Sona BLW Precision Forge, Inc., Plaintiff, v. Ceratizit USA, Inc., Defendant. | Adversary Proceeding No.: 18-00041-5-DMW |

**CERTIFICATE OF SERVICE**

I, Michelle R. Murdock, of the law firm Howard, Stallings, From, Atkins, Angell & Davis, P.A., certify that I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age, and that on July 20, 2018 the foregoing <u>TRUSTEE'S NOTICE AND MOTION FOR APPROVAL OF COMPROMISE WITH CERATIZIT USA, INC.</u> was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the parties listed below. I further certify that I have mailed the document to the non-CM/ECF participants as set out below by first class mail.

I certify under penalty of perjury that the foregoing is true and correct.

DATE: July 20, 2018

s/Michelle R. Murdock
Michelle R. Murdock, Paralegal
P.O. Box 12347
Raleigh, NC 27605
Telephone: (919) 821-7700
Facsimile: (919) 821-7703

| | |
|---|---|
| Marjorie K. Lynch, Esq.<br>Bankruptcy Administrator<br>*Served via cm/ecf and by email to*<br>Karen_Cook@nceba.uscourts.gov and<br>Lesley_Cavenaugh@nceba.uscourts.gov | Richard D. Sparkman<br>Chapter 7 Trustee<br>*Served via cm/ecf* |

| | |
|---|---|
| Sona BLW Precision Forge, Inc.<br>500 Oak Tree Dr.<br>Selma, NC 27576 | Gerald A Jeutter, Jr.<br>Jeutter Law<br>*Served via cm/ecf* |
| Scott B. Kitei<br>Honigman Miller Schwartz and Cohn, LLP<br>660 Woodward Ave.<br>2290 First National Bldg.<br>Detroit, MI 48226-3506 | Ceratizit USA, Inc.<br>Attn: Tim Tisler<br>11355 Stephens Rd.<br>Warren, MI 48089-1833 |

See attached Matrix

| | |
|---|---|
| Gordon C. Woodruff<br>Woodruff & Fortner<br>PO Box 708<br>Smithfield, NC 27577 | David F. Mills<br>Law Office of David F. Mills<br>Served via cm/ecf |
| John A. Northen<br>Northen Blue<br>Served via cm/ecf | Gerald A Jeutter, Jr.<br>Jeutter Law<br>*Served via cm/ecf* |
| Robert Whitney<br>EDISON, MCDOWELL & HETHERINGTON LLP<br>1 Kaiser Plaza, Suite 340<br>Oakland, CA 94612 | Andrew W.J. Tarr<br>Robinson Bradshaw<br>101 N. Tryon St., Ste. 1900<br>Charlotte, NC 28246 |
| William E. Burton III<br>Smith Moore Leatherwood LLP<br>300 N. Greene Street, Suite 1400<br>Greensboro, N.C. 27420 | Jill Walters<br>Poyner Spruill LLP<br>Served via cm/ecf |
| Pamela P. Keenan<br>Kirschbaum, Nanney, Keenan & Griffin, P.A.<br>Served via cm/ecf | Benjamin E. F. B. Waller<br>Ward and Smith, P.A.<br>Post Office Box 8088<br>Greenville, NC 27835-8088 |
| Paul A. Fanning<br>Ward and Smith, P.A.<br>Post Office Box 8088<br>Greenville, NC 27835-8088 | Robert A. Cox, Jr., Esq.<br>Bradley Arant Boult Cummings LLP<br>214 N. Tryon Street<br>Suite 3700<br>Charlotte, NC 28202 |
| Tyler J. Russell, Esq.<br>Ward and Smith, P.A.<br>Post Office Box 33009<br>Raleigh, NC 27636-3009 | James S. Livermon III<br>Poyner Spruill LLP<br>Served via cm/ecf |
| Brian D. Darer<br>Parker Poe Adams & Bernstein LLP<br>PO Box 389<br>Raleigh, NC 27602 | Douglas W. Kenyon<br>Hunton & Williams LLP<br>Served via cm/ecf |
| Susan M. Cook<br>Lambert Leser, Attorneys at Law<br>916 Washington, Avenue, Suite 309<br>Bay City, MI 48708 | J.R. Smith<br>Hunton & Williams LLP<br>9510E. Byrd Street<br>Richmond, VA 23219 |
| R. Dennis Fairbanks<br>Hunton & Williams LLP<br>Served via cm/ecf | |

7.10.2018 Reduced Matrix